Clifton FOUNTAIN, Plaintiff-Appellant,

v.

SAFEWAY STORES, INC.,
Defendant-Appellee.

Clifton FOUNTAIN, Plaintiff-Cross Appellee,

v.

SAFEWAY STORES, INC.,
Defendant-Cross Appellant.

Nos. 75–2278, 75–2700.

United States Court of Appeals,
Ninth Circuit.

June 15, 1977.

John W. Keker, argued, Kipperman, Shawn & Keker, San Francisco, Cal., for plaintiff-appellant.

Robert M. Lieber, argued, Littler, Mendelson & Fastif, Thornton C. Bunch, Jr., argued, Bunch & White, San Francisco, Cal., for defendant-appellee.

Before TRASK, SNEED and KENNEDY, Circuit Judges.

SNEED, Circuit Judge:

On April 5, 1974, appellant Clifton Fountain filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) alleging that appellee Safeway

Stores, Inc. (Safeway) wrongfully discharged him for failure to wear a tie during working hours and that appellee Retail Clerks Union Local 1179, AFL–CIO (Union) wrongfully refused to process his grievance stemming from this discharge. In his complaint, he contended that his discharge pursuant to Safeway's dress and grooming regulations requiring men to wear a tie as a condition of employment violated the prohibition against sex discrimination under Title VII and the collective bargaining agreement with the Union. In addition, he asserted that by refusing to process his grievance the Union breached its duty of fair representation under Title VII.[1] The district court granted summary judgment in favor of the appellees on these claims, and appellant appeals therefrom. Safeway appeals the district court's order denying its request for costs and attorney's fees. We affirm.

## I. FACTS.

Safeway hired appellant on May 5, 1970, to work at its store in Richmond, California. In early 1971, female employees at this store wore pants instead of skirts to work in violation of Safeway's then existing dress code. In response to this demonstration, Safeway amended its dress code to reflect the women's preferences. It did not impose sanctions on these employees.

In July 1973, appellant was transferred to a Safeway store in San Pablo, California, where he would work as a clerk. As a clerk, he was required to conform to certain dress and grooming regulations for employees who deal with the public. One of these regulations required such male employees to have haircuts above the collar. Appellant protested this regulation and Safeway agreed to permit appellant to wear his hair in a longer style.

Safeway also informed appellant that he must wear a tie. Appellant refused, claiming that such a requirement constituted sex

discrimination in that female employees did not have to comply with a similar requirement. He was suspended from work and, in due course, fired.

Appellant notified the Union of his predicament. The Union advised him to return to work wearing a tie, and indicated it would not take action in his case because, in the opinion of its counsel, appellant had a "bad case."

On October 4, 1973, appellant filed a complaint for sex discrimination against Safeway with the Fair Employment Practice Commission of California; this Commission declined to review the complaint. On November 1, 1973, he filed with the Equal Employment Opportunity Commission (EEOC) a complaint alleging sex discrimination and violation of the collective bargaining agreement against both the Union and Safeway. The EEOC responded by sending appellant a right to sue letter. Appellant subsequently filed the action now before us.

## II. FOUNTAIN'S APPEAL.

### A. Title VII Claim.

 The description of appellant's complaint by the Union's counsel as a "bad case" was accurate, although perhaps generous. It is clear that regulations promulgated by employers which require male employees to conform to different grooming and dress standards than female employees is not sex discrimination within the meaning of Title VII. *Baker v. California Land Title Co.*, 507 F.2d 895 (9th Cir. 1974), *cert. denied*, 422 U.S. 1046, 95 S.Ct. 2664, 45 L.Ed.2d 699 (1975). Other circuits that have addressed this question share our view. *Barker v. Taft Broadcasting Co.*, 549 F.2d 400 (6th Cir. 1977); *Earwood v. Continental Southeastern Lines, Inc.*, 539 F.2d 1349 (4th Cir. 1976); *Longo v. Carlisle DeCoppet & Co.*, 537 F.2d 685 (2d Cir. 1976); *Knott v. Missouri Pacific Railroad Co.*, 527 F.2d 1249 (8th Cir. 1975); *Willingham v.*

---

1. Appellant also alleged that under the collective bargaining agreement between Safeway and the Union, Safeway was obligated to furnish appellant a tie. He sued in behalf of all similarly situated employees for the cost of two ties, interest, costs and attorney's fees. He has not pursued this claim in this court.

756

*Macon Telegraph Publishing Co.,* 507 F.2d 1084 (5th Cir. 1975) (en banc); *Dodge v. Giant Food, Inc.,* 160 U.S.App.D.C. 9, 488 F.2d 1333 (1973).

Faced with these precedents, appellant tries a different approach. He argues that even if separate dress and grooming regulations do not offend Title VII, unequal enforcement of these regulations does violate the statute. He cites Safeway's conciliatory treatment of the female employees' resistance to the skirt requirement and contends that his termination for his protest of the tie requirement constitutes unequal treatment of the sexes with regard to protests involving personal appearance regulations.

We disagree. Appellant's own experience with the dress and grooming regulations indicates that Safeway did not handle male protests in a discriminatory manner. When he complained about the hair length requirement, Safeway consented to his demands. Furthermore, given that Safeway may promulgate different personal appearance regulations for males and females, it follows that it should be able to amend its regulations when they no longer reflect management's judgment regarding desirable dress and grooming standards. Likewise, an employer may enforce those regulations that it believes its particular business requires. Safeway's reactions to the different protests do not constitute uneven treatment of the sexes; they merely indicate an effort to maintain dress and grooming regulations that are not overly burdensome to its employees yet still serve to extend an image to its customers which Safeway believes is beneficial to its business. This business judgment may or may not change through the years, nor will it necessarily change at an even pace with

respect to the sexes. Thus, the regulations for one sex may be relaxed without necessitating a corresponding relaxation of the regulations for the other sex. This power to amend regulations for one sex independent of any action with respect to the regulations for the other sex flows directly from the employer's power to promulgate separate regulations in the first place. Any claim that this process, standing alone, constitutes unequal treatment of the sexes is without merit.

**B. Collective Bargaining Agreement Claims.**

■ Appellant also contends that Safeway's conduct violated two separate sections of the collective bargaining agreement, *viz.* Sections II(d)(2) and V(e). The Union's failure to process his grievance based on these claims, he insists, was arbitrary and unreasonable and as a result was violative of the Union's duty of fair representation.[2] *See Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). He argues that the question of arbitrariness was a triable issue of material fact and as such should not have been disposed of with a summary judgment in favor of the Union.

■ Under the circumstances of this case, the question of arbitrariness is tied inextricably to the merits of appellant's claims against Safeway. Looking to appellant's complaint,[3] it is clear that no question of bad faith or discriminatory conduct on the part of the Union is involved. Appellant's sole contention is that the Union's categorization of his grievance as a "bad case" and its failure to process the grievance for that reason was arbitrary. To refuse to process a bad case is in itself not

---

**2.** Appellant must have a valid claim against the Union for breach of the duty of fair representation before he can recover from his employer for a contract violation when the contract contains a mandatory grievance procedure. *Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Thus, a summary judgment in favor of the Union on this claim amounts to rejection of appellant's contract claims against Safeway.

**3.** The Union submitted the affidavit of the president of Local 1179 in support of its motion for summary judgment. Appellant asserts that the affidavit did not comply with Fed.R.Civ.P. 56(e). Assuming, *arguendo,* that the affidavit was deficient, appellant's complaint still failed to raise a factual issue. Consequently, judgment on the basis of the complaint alone was not error.

arbitrary. Such a refusal is most reasonable and in fact essential to the grievance and arbitration system. *See Vaca v. Sipes,* 386 U.S. at 191, 87 S.Ct. at 917. The contrary is true, however, if the categorization of the case as a "bad case" was arbitrary. As already indicated by our discussion of appellant's Title VII claims against Safeway, the Union's categorization of the claim was accurate and not arbitrary.

Section II(d)(2) of the collective bargaining agreement prohibits, *inter alia,* termination on the basis of sex. Safeway's termination of appellant's employment did not violate this section. Nor was Section V(e), which deals with the wearing of uniforms and who shall bear the cost of special wear required by the job, violated. Appellant did not seek to pursue a grievance with respect to whom should bear the cost of the uniforms or special wear; he only complained of the fact that he had to wear a tie. Moreover, wherever for these purposes the line between a dress code and required uniforms may be, Safeway's tie requirement is well within the dress code portion of the spectrum.

Appellant, therefore, did not present a valid grievance to the Union. The Union's refusal to process such a complaint was not a breach of its duty of fair representation. The judgment in favor of the appellees Safeway and Union is affirmed.

## III. SAFEWAY'S CROSS–APPEAL.

In its cross-appeal, Safeway contends it is entitled to an award of costs and attorney's fees as the prevailing party under 42 U.S.C. § 2000e–5(k). This issue was properly addressed to the sound discretion of the court. *United States Steel Corp. v. United States,* 519 F.2d 359 (3rd Cir. 1975); *Van Hoomissen v. Xerox Corp.,* 503 F.2d 1131 (9th Cir. 1974). We find no abuse of this discretion by the district court, and affirm its refusal to award costs and attorney's fees to Safeway.

AFFIRMED.