**ASSOCIATION OF FLIGHT ATTENDANTS, Plaintiff,**

v.

**OZARK AIR LINES, Defendant.**

**No. 74 C 1470.**

United States District Court, N. D. Illinois, E. D.

May 14, 1979.

Katz & Friedman, Chicago, Ill., for plaintiff.

Steven H. Adelman, John A. McDonald, Keck, Cushman, Mahin & Cate, Chicago, Ill., for defendant.

## MEMORANDUM

LEIGHTON, District Judge.

This is a suit by the Association of Flight Attendants ("AFA"), an unincorporated labor organization, against Ozark Air Lines, seeking damages and injunctive relief for alleged sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Juris-

diction is invoked under 42 U.S.C. § 2000e–5, 28 U.S.C. §§ 1331, 1337. As originally framed, the complaint challenged the validity of Ozark's maternity leave and weight standards policies for female flight attendants. On March 21, 1978, the court entered a consent decree which resolved the parties' dispute as to the maternity leave policy. The cause is now before the court on defendant's motion for summary judgment on the issue of the weight standards policy. For the following reasons, the motion is denied.

### I.

Defendant has at all times maintained an appearance policy for its flight attendants which includes weight standards. On July 10, 1973, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that the maintenance of Ozark's weight standards for flight attendants violated Title VII. Plaintiff requested and received a right to sue letter thereafter and this litigation commenced on May 29, 1974.

It is undisputed that Ozark employed no male flight attendants prior to October 1975.* The company did employ men in various capacities but applied weight restrictions solely to women employed as flight attendants until 1975. When it began to hire men as flight attendants, it created separate weight standards for men. Plaintiff urges that the differential weight standards perpetuate the alleged inherent bias of the maximum weight standard. Plaintiff submits that a comparison of defendant's male and female weight standards chart with data compiled by the federal government on average weights and by an insurance company on "desirable" weights reveals that defendant's requirements are discriminatory. Ozark requires female flight attendants to weigh between 14 and 27 pounds below the national average for women, while Ozark's policy permits men to exceed the national average weight for most heights. Further, Ozark's male maximum weights, at all heights, ex-

ceed the upper limit of the range of "desirable" weights for large framed men, while its female maximum weights at all heights and frame sizes are substantially below the upper limit of desirable weights for women of any size frame.

Defendant insists it is entitled to summary judgment on two grounds. First, it argues that because no male flight attendants were employed prior to the filing of the EEOC charge and judicial complaint, it could not have violated Title VII by maintaining weight standards for a class comprised solely of one sex. Therefore, it argues that this suit should be dismissed, plaintiff be returned to the EEOC to challenge the validity of the weight requirements now that Ozark employs both men and women as flight attendants, and the EEOC be allowed to attempt conciliation in light of the changed facts. Second, defendant argues that a maximum weight policy is part of a reasonable appearance standard which it, as an employer, is entitled to maintain irrespective of distinctions based on sex.

Plaintiff opposes the motion on the ground that there remain issues of material fact which must be resolved. Plaintiff contends that the court may properly entertain the action whether it is limited to a females-only weight policy challenge or expanded to take cognizance of the present facts, which include employment of men. Further, plaintiff argues that the evidence before the court suggests Ozark's maximum weight policy has a disproportionate impact on women. Only women have been suspended for exceeding the weight maximums. The burden of compliance with the weight requirements is more substantial for female flight attendants, some of whom must resort to drastic dieting and drugs to reduce weight. Plaintiff urges that the policy is therefore medically unsound and poses substantially greater health risks to women than to men.

### II.

Rule 56(c), Fed.R.Civ.P., provides:

---

\* The last date covered by plaintiff's discovery requests is January 1, 1975.

[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The burden is on the moving party to show clearly by appropriate documents that no genuine issue of fact exists and that he is entitled to prevail as a matter of law. *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972). The party opposing the motion for summary judgment is entitled not only to have the facts viewed in the light most favorable to it, but also to all reasonable inferences which may be drawn from those facts. *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975), *cert. denied*, 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976).

■ Defendant first argues that this suit must be dismissed because there can be no sex discrimination against females where the employer has no male employees to be affected by the employment policy alleged to be discriminatory. *See Stroud v. Delta Air Lines, Inc.*, 544 F.2d 892 (5th Cir.), *cert. denied*, 434 U.S. 844, 98 S.Ct. 146, 54 L.Ed.2d 110 (1977). It insists that since at the time this action was brought before the EEOC and this court, it did not employ male flight attendants, the issue of discriminatory impact of its different weight requirements for male and female flight attendants was never raised before the EEOC, and therefore is not properly an issue here.

The court disagrees. The scope of the judicial complaint is not limited to the facts at the precise moment in time the EEOC charge is filed. Rather, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also Oubichon v. North American Rockwell Corporation*, 482 F.2d 569, 571 (9th Cir. 1973); *Tipler v. E. I. duPont de*

*Nemours and Co.*, 443 F.2d 125, 131 (6th Cir. 1971). And a liberal interpretation of the *Sanchez* standard is usually appropriate. *Jiron v. Sperry Rand Corp. (Sperry-Univac)*, 423 F.Supp. 155, 159 (D.Utah 1975). Further, the purpose of insisting that employment discrimination claims be processed through the EEOC before civil litigation is commenced is to inform the employer of the scope of the action, so that it can make an informed decision with respect to settlement and conciliation. *Beamon v. W. B. Saunders Co.*, 413 F.Supp. 1167, 1172 (E.D. Pa.1976). There can be no question here that Ozark was aware not only that the complaint charged sex discrimination generally, but that it challenged the weight standards specifically. The allegations of the judicial complaint are not merely reasonably related, but identical to the initial charges. While the passage of time and a voluntary change in Ozark's employment policy have changed the focus of plaintiff's charges, those charges still concern weight standards for female flight attendants. There is no suggestion that the hiring of male flight attendants has mooted the controversy between the parties and, in fact, it remains live and essentially unchanged from when it was before the EEOC. Finally, the complaint seeks not only damages for past conduct, but injunctive relief from present Title VII violations. Under these circumstances, the claim will not be dismissed for failure to raise the issues involved before the EEOC.

■ Defendant's second argument is that its weight standards are merely part of a reasonable appearance standard and hence lawful under Title VII, without regard to their differential impact on men and women. It relies on numerous cases holding that an employer's imposition of hair length requirements on male employees, but not on female employees, does not violate Title VII. *E. g., Barker v. Taft Broadcasting Co.*, 549 F.2d 400 (6th Cir. 1977); *Longo v. Carlisle DeCoppet & Co.*, 537 F.2d 685 (2d Cir. 1976) (per curiam); *Earwood v. Continental Southeastern Lines, Inc.*, 539 F.2d 1349 (4th Cir. 1976); *Knott v. Missouri Pac.*

*Ry. Co.*, 527 F.2d 1249 (8th Cir. 1975); *Willingham v. Macon Telegraph Publishing Co.*, 507 F.2d 1084 (5th Cir. 1975); *Fagan v. National Cash Register Company*, 157 U.S. App.D.C. 15, 481 F.2d 1115 (1973); *Bujel v. Borman Food Stores, Inc.*, 384 F.Supp. 141 (E.D.Mich.1974). Defendant also relies on cases upholding the imposition of uniform requirements for employees on the basis of sex, such as ties for men and skirts with blazers for women, as lawful. *Fountain v. Safeway Stores, Inc.*, 555 F.2d 753 (9th Cir. 1977); *Carroll v. Talman Fed. Sav. & Loan Ass'n of Chicago*, 448 F.Supp. 79 (N.D.Ill. 1978).

But these cases are very different from the one before the court. These grooming requirements have been upheld as classifications by sex which do not limit employment opportunities for either sex by making distinctions based on immutable personal characteristics and which do not pose distinct employment disadvantages for one sex. Rather, the requirements have been labelled " 'general rules of employment, deemed essential by the employer, where the direct or indirect economic effect upon the employee [is] nominal or non-existent.' " *Fagan v. National Cash Register Co.*, 157 U.S.App.D.C. at 23, 481 F.2d at 1123.

The same characterization cannot be made of the weight standards in this case. Plaintiff's affidavit asserts that the weight standards, unlike hair length or uniform requirements, are more difficult for women to comply with than for men and pose a substantially greater health hazard to women than to men because they are overly stringent. Unlike hair length or clothing, weight cannot be easily changed and controlled, according to plaintiff.

The allegation that facially neutral qualification standards, such as maximum weight requirements, work in fact disproportionately to limit employment opportunities for women clearly states a claim under Title VII. *See Dothard v. Rawlinson*, 433 U.S. 321, 328–29, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977). And defendant has not attempted in this motion to rebut plaintiff's showing that the weight standards are much more difficult for women to comply with than men and pose a much greater health hazard to women than to men. The court intimates no view as to whether plaintiff can establish its *prima facie* case by a preponderance of the evidence, as it must at trial. But plaintiff's evidence that only female flight attendants have been suspended by defendant, with loss of pay and other employment benefits, for failure to meet weight standards, and that only female flight attendants have had to resort to use of diuretics, diet pills, and crash dieting to achieve compliance with weight standards, is sufficient to withstand a motion for summary judgment and raise an issue of material fact as to whether defendant's weight standards work in fact disproportionately to limit employment opportunities for women.

The court notes that none of the weight standards cases cited by either party granted summary judgment to defendant on any ground. *See, e. g., In Re National Airlines, Inc.*, 434 F.Supp. 269 (S.D.Fla.1977); *Jarrell v. Eastern Air Lines, Inc.*, 430 F.Supp. 884 (E.D.Va.1977), *aff'd*, 577 F.2d 869 (4th Cir. 1978) (per curiam); *Gerdom v. Continental Airlines, Inc.*, 13 FEP Cases 1205 (C.D.Cal. 1976) and 8 FEP Cases 1237 (C.D.Cal.1974); *but see Cox v. Delta Air Lines*, 14 EPD ¶ 7600 (S.D.Fla.1976). Those cases in which the defendant prevailed granted judgment after trial because plaintiff did not carry its burden of proof by a preponderance of the evidence. For example, the court in *Jarrell* found as a matter of fact that defendant's weight control program was imposed on both men and women and that the differing standards for the sexes were not unreasonable in terms of medical considerations and ability to comply. 430 F.Supp. at 892. And the court in *In Re Nat. Airlines, Inc.* found defendant's expert witness more persuasive than plaintiff's statistics concerning the impact of the weight standards on women. 434 F.Supp. at 273–74. Such showings may be made ultimately in this case by defendant, but they have not been made in this motion.

The court concludes that defendant has failed to establish that there is no issue of

material fact and that it is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment under Rule 56, Fed.R.Civ.P., is denied.

So ordered.