**Joan VALDES, Plaintiff,**

v.

**LUMBERMEN'S MUTUAL CASUALTY COMPANY, (THE KEMPER GROUP), Defendant.**

**No. 80–1466–Civ–CA.**

United States District Court, S. D. Florida.

Sept. 29, 1980.

Stipulation and Judgment of Dismissal Oct. 2, 1980.

---

DuFresne & DuFresne, P. A., Miami, Fla., for plaintiff.

Bradford, Williams, McKey, Kimbrell, Hamann, Jennings & Kniskern, P. A., Miami, Fla., for defendant.

## ORDER DENYING MOTION TO DISMISS

ATKINS, District Judge.

THIS CAUSE is before the Court on motion of defendant, Lumberman's Mutual Casualty Company (hereinafter "Lumberman's") to dismiss for lack of jurisdiction and for failure to state a claim for relief. Fed.R.Civ.P. 12(b)(1), (6). Plaintiff, Ms. Joan Valdez, alleges that Lumberman's denied her promotion and transfer opportunities in violation of Title VII, 42 U.S.C. § 2000e. Ms. Valdez filed a charge with the EEOC but the EEOC dismissed the charge, concluding that the agency was without jurisdiction to process Ms. Valdez' charge. The EEOC has issued a notice of right to sue to Ms. Valdez.

Defendant argues that the Court lacks jurisdiction and that the complaint fails to state a claim because plaintiff's complaint alleges discrimination on the basis of sexual preference. If defendant is correct in its characterization of the complaint, the Court would be compelled to conclude that plaintiff has failed to state a claim cognizable under Title VII and that the complaint must be dismissed. *See, e. g., DeSantis v. Pacific Telephone and Telegraph Co.*, 608 F.2d 327, 329–330 (9th Cir. 1979); *Smith v. Liberty Mutual Insurance Co.*, 569 F.2d 325, 326–27 & n.1 (5th Cir. 1978); *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979); EEOC Dec. No. 76–75, [1976] Emp.Prac. Guide (CCH) ¶ 6495, at 4266. *See generally* Rivera, *Our Straight-Laced Judges: The Legal Position of Homosexuals in the United States*, 30 Hastings L.J. 799, 805–813 (1979); Kovarsky, *Fair Employment for the Homosexual*, 1971 Wash.U.L.Q. 527.

The EEOC apparently agreed with the defendant's characterization of Ms. Valdez' charge. The EEOC concluded that it was without jurisdiction because Ms. Valdez was complaining of discrimination on the basis of sexual preference, not sex. The EEOC's conclusion is not surprising in view of the facts stated by Ms. Valdez in her EEOC charge. According to the charge, Ms. Valdez was passed over for promotion and denied transfer because her supervisor, Mr. J. J. LaPorta, erroneously believed she was a lesbian.

Plaintiff argues that both the defendant and the EEOC misconstrued the nature of her complaint. According to plaintiff, her complaint alleges discrimination on the basis of sex and not sexual preference. She argues that females, but not males, employed by Lumberman's were judged on the basis of their sexual preferences. Thus, homosexual females but not homosexual males were discriminated against. This application of an "arbitrary" criteria to females but not to males constitutes, according to plaintiff, discrimination on the basis of sex.

In essence, plaintiff alleges that Lumberman's discriminates not against all females but against the subclass of females who appear to have a sexual preference for oth-

er females. Discrimination against a subclass of either sex, denominated "sex plus" discrimination, has been held, in limited instances, to constitute sex discrimination cognizable under Title VII. *See Phillips v. Martin Marietta Corp.*, 416 F.2d 1257, 1260 (5th Cir. 1969) (Judge Brown dissenting), vacated, 400 U.S. 542, 90 S.Ct. 496, 27 L.Ed.2d 613 (1970). For example, a policy which treats married women differently than married men has been held to constitute sex discrimination under Title VII. *See Sprogis v. United Air Lines*, 444 F.2d 1194 (7th Cir.), *cert. denied*, 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543 (1971). Similarly, the refusal to hire women with school age children but not men with school age children has been held to constitute sex discrimination. *Philips v. Martin Marietta Corp.*, 400 U.S. 542, 90 S.Ct. 496, 27 L.Ed.2d 613 (1971).

■ Discrimination against a subclass does not always constitute sex discrimination, however. The most litigated example is probably discrimination on the basis of appearance. Employment policies which prohibit long hair on males but not on females, for example, have consistently been upheld as against Title VII challenges. *See e. g. Willingham v. Macon Telegraph Publishing Co.*, 507 F.2d 1084 (5th Cir. 1975) (en banc); *Longo v. Carlisle De Coppet & Co.*, 537 F.2d 685 (2d Cir. 1975); *Earwood v. Continental Southeastern Lines, Inc.*, 539 F.2d 1349 (4th Cir. 1976); *Knott v. Missouri Pacific Railroad Co.*, 527 F.2d 1249, 1252 (8th Cir. 1975). Similarly, requiring men, but not women, to wear ties does not constitute sex discrimination. *See, e. g. Fountain v. Safeway Stores, Inc.*, 555 F.2d 753 (9th Cir. 1977). Thus, contrary to plaintiff's assertion, Title VII does not proscribe every employment policy which distinguishes between males and females.

In distinguishing *Sprogis* (banning discrimination between married women and married men) and *Willingham* (allowing discrimination between long haired women and long haired men) the Fifth Circuit stated that Title VII bars "sex plus" discrimination only where the discrimination is based on "some fundamental right:"

[A] line must be drawn between distinctions grounded on such fundamental rights as the right to have children or to marry and those interfering with the manner in which an employer exercises his judgment as to the way to operate a business. Hair length is not immutable and in the situation of employer vis a vis employee enjoys no constitutional protection. If the employee objects to the grooming code he has the right to reject it by looking elsewhere for employment, or alternatively he may choose to subordinate his preference by accepting the code along with the job.

507 F.2d at 1091.

■ If one's sexual preference is such a "fundamental right" or "immutable" characteristic, it would seem that an employer may not discriminate between male and female homosexuals. *Cf.* Wein & Remmers, *Employment Protection and Gender Dysphoria: Legal Definitions of Unequal Treatment on the Basis of Sex and Disability*, 30 Hastings L.J. 1075, 1098 (1979) (suggesting that discrimination against transexuals may be cognizable under Title VII on a "sex plus" basis). The Fifth Circuit appears to have adopted a different approach in *Smith v. Liberty Mutual Insurance Co.*, 569 F.2d 325 (5th Cir. 1978), however. In that case the Fifth Circuit concluded that discrimination against "effeminate" males does not constitute sex discrimination. The court cited *Willingham, supra*, for the proposition that not all sexual distinctions are barred by Title VII, but did not explain why the plaintiff's effeminate mannerisms did not constitute a "fundamental right" or "immutable characteristic" that would give rise to Title VII protection. Instead the Fifth Circuit simply concluded that "Title VII conduct cannot be strained to reach the conduct complained of here." 569 F.2d at 327.

Substitute "lesbian mannerisms" for "effeminate mannerisms" and this case would be identical to *Smith*. This Court sees no reason to conclude that the Fifth Circuit would reach a different result in this case

where discrimination is based on the employer's perception of Ms. Valdez as a lesbian and in *Smith* where discrimination was based on the employer's perception of Smith as effeminate.

At this point, however, it is not necessary for the Court to decide whether sexual preference is such a "fundamental right" or "immutable characteristic" that any distinction between males and females on that basis would constitute sex discrimination * because plaintiff has alleged facts sufficient to withstand a motion to dismiss on another theory. Plaintiff alleges that she was denied promotion and transfer opportunities because of her sex. Her complaint alleges a prima facie case of discrimination: (1) she is female, (2) she applied for and was denied promotion and transfer, (3) she was qualified for the promotion and transfer and (4) Lumberman's continued to seek applicants for the positions with qualifications similar to those of Ms. Valdez. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Her complaint indicates that Lumberman's can rebut her prima facie case by articulating a "legitimate nondiscriminatory reason" for Ms. Valdez' rejection. *McDonnell Douglas, supra* at 411 U.S. 802, 93 S.Ct. at 1824; *Keene State College v. Sweeney*, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978). That "nondiscriminatory reason" is, presumably, the employer's belief that Ms. Valdez is a lesbian. This does not end the inquiry, however, since plaintiff is entitled to attempt to show that the employer's articulated reason is merely a pretext for discrimination on the basis of sex. *McDonnell Douglas, supra.* The complaint indicates that the articulated reason may indeed be pretextual. Ms. Valdez alleges that the policy against employing homosexuals was not applied uniformly and was used against her only because she is a female. Ms. Valdez denies that she is, in fact, a lesbian. If Ms. Valdez can prove that Lumberman's asserted reason is, in fact, merely a pretext for sex discrimination, she will be entitled to Title VII relief.

The Court concludes that plaintiff has stated facts sufficient to withstand a motion to dismiss. If defendant wishes to pursue this issue further, it is free to file for summary judgment at such time as it can be established that no material facts are in dispute. Fed.R.Civ.P. 56. Until such time, however, dismissal would be inappropriate. The defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim is, accordingly, DENIED. Defendant should file its answer within ten days of receipt of this Order. Fed.R.Civ.P. 12(a).

## STIPULATION AND JUDGMENT OF DISMISSAL

All matters and things in dispute between the parties hereto having been adjusted and amicably settled, it is

STIPULATED AND AGREED by the parties hereto that this action be dismissed with prejudice as an adjudication upon the merits.

## JUDGMENT OF DISMISSAL

In consideration of the foregoing stipulation, it is

ORDERED AND ADJUDGED that the above action be and the same is hereby dismissed with prejudice as an adjudication upon the merits.

---

* The Court notes that this issue could probably be resolved more simply if Lumberman's could show that they discriminate against both male and female homosexuals. If Lumberman's could make such a showing, it would not be necessary to consider whether Lumberman's discriminates on a "sex plus" basis because no distinction would be drawn on the basis of sex.