**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO RAMIREZ,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>COUNTY OF MARIN; WILLIAM BURKE; MICHAEL DALY; DOES, 1 through 50,<br><br>        Defendants - Appellees. | No. 11-17846<br><br>D.C. No. 3:10-cv-02889-WHA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted October 18, 2013
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and KENDALL, District Judge.**

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\* The Honorable Virginia M. Kendall, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Marco Ramirez appeals the district court's grant of summary judgment to the County of Marin on Ramirez's retaliation claims under the California Labor Code and the Fair Labor Standards Act ("FLSA"). Ramirez also appeals the district court's grant of summary judgment to county employees William Burke and Michael Daly on Ramirez's claims under 42 U.S.C. § 1983. Because the parties are familiar with the history of this case, we will not recount it here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

## I

"We review a grant of summary judgment de novo. Summary judgment is appropriate when, 'with the evidence viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact, so that the moving party is entitled to judgment as a matter of law.'" *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (quoting *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 733 (9th Cir. 2009)).

## II

The district court granted summary judgment on Ramirez's retaliation claim under California Labor Code § 6310 because Ramirez had not exhausted his administrative remedies prior to filing his complaint. At the time, the California

Labor Code was silent as to whether a plaintiff must exhaust administrative remedies prior to filing a complaint. That changed on January 1, 2014, when the State of California amended its Labor Code by adding §§ 98.7(g) and 244(a), both of which provide that one generally does not have to exhaust administrative remedies prior to filing a civil action for a violation of the California Labor Code. Because the district court did not have the benefit of these changes to the California Labor Code when it granted summary judgment, we reverse and remand so that the district court may consider Ramirez's California Labor Code retaliation claim in light of these changes. *See Bullfrog Films, Inc. v. Wick*, 959 F.2d 778, 781-82 (9th Cir. 1992) (remanding in light of new statute).

### III

The district court erred in granting summary judgment on Ramirez's termination-based retaliation claim under the FLSA, 29 U.S.C. § 215(a)(3). The district court determined that Ramirez did not present any admissible evidence to support a causal link between Ramirez's participation in an overtime compensation action against the County and Ramirez's suspension and termination. The district court based this determination on evidence cited by the County that Ramirez's suspension and termination were the result of misconduct. But Ramirez submitted a sworn declaration that challenges much of the alleged misconduct that led to his

3

termination. Drawing all reasonable inferences in Ramirez's favor, this sworn declaration creates genuine issues of material fact concerning the reasons for his termination. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) ("This circuit has held that self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory."). Therefore, we reverse the district court's grant of summary judgment on Ramirez's termination-based FLSA retaliation claim and remand for further proceedings.

The same is not true for Ramirez's suspension. It is undisputed that the director of Ramirez's division imposed a dress code that Ramirez did not follow. It is also undisputed that sheriff's deputies placed Ramirez in custody after a confrontation concerning Ramirez's refusal to comply with the dress code. This led to Ramirez's suspension and, as a legitimate reason for his suspension, precludes Ramirez's suspension-based FLSA retaliation claim. Therefore, we affirm the district court's grant of summary judgment on Ramirez's suspension-based FLSA retaliation claim.

4

IV

The district court did not err in granting summary judgment on Ramirez's claims against Burke and Daly under 42 U.S.C. § 1983. The district court granted summary judgment on Ramirez's First Amendment claim because Ramirez did not identify any statements to a grand jury that Ramirez made as a private citizen. We consider five factors to determine whether a public employer has violated its employee's First Amendment rights by restricting the employee's ability to comment on matters of public interest. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013) (en banc), *cert. denied*, 134 S. Ct. 1283 (2014) (citing *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009)). One factor particularly relevant here is whether Ramirez spoke as a private citizen or as a public employee. Ramirez testified before the grand jury because his employer told him to; the grand jury asked to speak with a probation officer and Ramirez's employer sent him. Consequently, the district court properly determined that Ramirez testified before the grand jury as a public employee.

The district court also properly determined that Ramirez failed to identify any aspect of his suspension or termination proceedings that violated his right to due process. Ramirez not only received hearings prior to his suspension and termination, but also had the opportunity to appeal his termination to the County's

5

Personnel Commission, which could have cured any defects in the process he received. *See Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir. 1991) (explaining that due process received in a post-termination hearing could cure defective process in pre-termination hearing). Ramirez did not pursue an appeal with the Marin County Personnel Commission. Ramirez is not in a position to complain about any defect in his pre-termination hearing when he did not take advantage of the post-termination process available to him. Therefore, the district court's grant of summary judgment on Ramirez's due process claim was proper.

The district court also correctly granted summary judgment on Ramirez's equal protection claim. As the district court explained, there was no evidence that anyone acted with discriminatory intent with respect to the dress code that required men but not women to wear collared shirts. "An appearance standard that imposes different but essentially equal burdens on men and women is not disparate treatment." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 854 (9th Cir. 2000); *see also Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1104, 1109 (9th Cir. 2006) (explaining that appearance standards may differ by gender provided they are not more onerous for one gender than the other); *see also Fountain v. Safeway Stores, Inc.*, 555 F.2d 753, 755 (9th Cir. 1977) (determining that a policy that

requires men but not women to wear ties and have haircuts above the collar is not discriminatory).

Because we affirm the district court's grant of summary judgment as to Burke and Daly on each of Ramirez's claims under 42 U.S.C. § 1983, we do not reach whether qualified immunity shields Burke and Daly from liability.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; REVERSED in part; REMANDED.**