391 F.Supp. 306 (1975)
Marvin L. WAMSGANZ, Individually and on behalf of all others similarly situated, Plaintiff,
v.
MISSOURI PACIFIC RAILROAD COMPANY, a corporation, Defendant.
No. 73 C 648(3).
United States District Court, E. D. Missouri, E. D.
February 26, 1975.
*307 Robert M. Sears, Green, Hennings & Henry, St. Louis, Mo., for plaintiff.
R. W. Yost, Law Department, Missouri Pacific Railroad Co., St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court upon defendant's motion for summary judgment, and also upon plaintiff's cross-motion for summary judgment.
This is an action brought under Title VII of the Civil Rights Act of 1964 as amended and found at 42 U.S.C. § 2000e et seq. Plaintiff complains that he was discriminated against on the basis of sex due to defendant's grooming code for employees which specified different hair lengths for male employees as opposed to the hair lengths required of female employees.
Both parties have agreed to a general statement of the facts that plaintiff was discharged from defendant's employ due to plaintiff's failure to keep his hair trimmed within the limits prescribed by defendant's grooming code, and plaintiff's failure to trim his mustache within the requirements of defendant's grooming code. Plaintiff asserts that this requirement concerning the trimming of hair length and mustaches is applied only to males and, therefore, is discrimination based upon sex.
The question of whether or not the establishment of a grooming code requiring different hair lengths for males and females is an act of sex discrimination, has not been decided by the Eighth Circuit Court of Appeals. It must be noted, however, that the other Courts of Appeals which have been presented with such a question have ruled uniformly that the establishment of such a grooming code is not a violation of the aforecited statutory sections. Fagan v. National Cash Register Company, 157 U.S.App.D.C. 15, 481 F.2d 1115 (1973); Dodge v. Giant Food, Inc., 160 U.S.App.D.C. 9, 488 F.2d 1333 (1973); Baker v. California Land Company, 507 F.2d 895 (9th Cir., 1974); and Willingham v. Macon Telegraph Publishing Company, 507 F.2d 1084 (5th Cir., 1975). The facts presented to this Court in support of the motions for summary judgment indicate that plaintiff in this case is of the belief that his employer may not subject him to any grooming standards whatsoever, and that any attempt to enforce such standards upon him is an act of sex discrimination unless they are equally enforced among females. This Court agrees with the previously cited cases that such a construction of the statute was not that intended by the draftsman. To allow such a contention to be upheld would be to subvert the statute from its commendable aim of eliminating bias and prejudice based upon innate biological and racial characteristics. It appears imminently fair to this Court that it is well within the bounds of the employer-employee relationship for the employer to require reasonable standards of dress and grooming among its employees. To infer that any reasonable grooming and dress standards are an act of sex discrimination would have the effect of undermining the entire employer-employee relationship. This Court is firmly in agreement with the Ninth Circuit Court of Appeals that:
. . . a private employer may require male employees to adhere to different modes of dress and grooming than those required of female employees and such does not constitute an unfair employment practice within *308 the meaning of 42 U.S.C. § 2000e-2 (a). Baker, supra, 507 F.2d page 898.
In consequence,
It is hereby ordered that defendant's motion for summary judgment be and is granted; and
It is further ordered that plaintiff's motion for summary judgment be and is denied; and
It is further ordered that defendant have judgment against plaintiff; and
It is further ordered that plaintiff shall pay costs in this matter.