**Louis LONGO, Plaintiff,**

v.

**CARLISLE DeCOPPET & CO.,
Defendant.**

**No. 75 Civ. 3276.**

United States District Court,
S. D. New York.

Oct. 22, 1975.

Coles & Weiner, by Harold M. Weiner, New York City, for plaintiff.

Carter, Ledyard & Milburn, by James W. Rayhill, New York City, for defendant.

## MEMORANDUM

STEWART, District Judge.

This matter is before the court upon defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Plaintiff Louis Longo, a former employee of the defendant, has brought this action under Title VII of the Civil Rights Act of 1964 ("the Act"), 42 U.S. C. § 2000e *et seq*. He alleges that defendant discharged him because his hair was longer than defendant's grooming regulations permitted. Defendant does not require its female employees to conform to the short hair length standard applied to the plaintiff. Plaintiff contends, therefore, that defendant's action dimissing him constitutes sex discrimination in violation of § 703(a) of the Act, 42 U.S.C. § 2000e–2(a). He seeks reinstatement with back pay, and all other rights and benefits to which he would have been entitled had his employment been continuous. Defendant, admitting solely for purposes of this motion the factual allegations of the complaint, has moved to dismiss on the ground that applying different hair length standards to male and female employees does not constitute sex discrimination within the meaning of § 703(a) of the Act.

On July 15, 1965, plaintiff was hired as a junior clerk by defendant. He was promoted to senior trade control clerk on January 30, 1969 and remained in that position until his discharge on December 3, 1971. About a year and a half prior to his dismissal, plaintiff began wearing a hair piece to cover the top of his hair where he was beginning to go bald. This hair piece came down over his ears and touched his shirt collar. Plaintiff's supervisor made critical remarks concerning the length and style of plaintiff's hair and warned him to wear it behind his ears or suffer dismissal. In late November, 1971, plaintiff made an error in a stock calculation. A week later he was fired. The personnel manager told him that this error was the reason for his dismissal. Plaintiff's supervisor, though, informed him that the main reason for his dismissal was the length of his hair. Plaintiff filed his charge of sex discrimination with the Equal Employment Opportunity Commission ("E. E.O.C.") which found reasonable cause to believe that defendant's different grooming standards for male and female employees violated § 703(a), and issued a right to sue letter pursuant to 42 U.S. C. § 2000e–5(f)(1).

There is clearly a factual question as to what the grounds were for plaintiff's discharge. The only issue before the court at this juncture, however, is whether plaintiff's dismissal, if based on a hair length standard applied only to male employees, would constitute sex discrimination within the meaning of § 703(a) of the Act. If so, plaintiff has

stated a claim upon which this court can grant relief.

Section 703(a) provides, in pertinent part:

> (a) It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex.

Defendant contends that the term "sex" should be construed by this court to include only "gender or other immutable characteristics which the employee has no power to alter." (Defendant's Memorandum, p. 4). It maintains that Congress did not intend § 703(a) "to protect hair styles . . . over which the employee has complete control" (Defendant's Memorandum, p. 5), and thus concludes that a discharge on the basis of hair length is not "sex discrimination" within the meaning of § 703(a).

Plaintiff disputes this narrow interpretation of the statute and asserts, rather, that "Congress intended to strike at the entire spectrum of disparate treatment of men and women resulting from sex stereotypes" (Plaintiff's Memorandum, p. 4 quoting from *Sprogis v. United Air Lines, Inc.*, 444 F.2d 1194, 1198 (7th Cir. 1971) *cert. denied* 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543 (1971). Defendant treats its male and female employees differently because it does not require women, as it does require men, to keep their hair a certain length. Plaintiff reasons that, since this disparate treatment is based on the sex stereotype that men should have short hair, he has been discriminated against on the basis of sex within the meaning of § 703(a). We agree.

Stated generally, the purpose of Section 703(a) is to require "that persons of like qualifications be given employment opportunities irrespective of their sex." *Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544, 91 S.Ct. 496, 497–8, 27 L.Ed.2d 613, 615 (1971). In determining the meaning of the term "sex" within the statute, the legislative history, though meager, makes it clear that Congress did not intend the statute to mean gender alone. An amendment which would have restricted the Act to discrimination based "solely" on sex was rejected by Congress. 110 Cong.Rec. 2728 (1964); *Willingham v. Macon Telegraph Publishing Co.*, 507 F.2d 1084, 1090 (5th Cir. 1975).

The E.E.O.C. guidelines indicate that the Commission has determined that "sex" discrimination under the Act includes discrimination "based on stereotyped characterizations of the sexes." 29 C.F.R. § 1604.2(a)(1)(ii). The Commission has specifically held in its administrative decisions that hair grooming codes that distinguish between male and female employees are violative of § 703(a). Decisions No. 71–1529 and 72–2179, 2 CCH Employment Practices Guide §§ 6231 and 6395. These Commission determinations carry great weight in this matter for "[t]he administrative interpretation of the Act by the enforcing agency is entitled to great deference." *Griggs v. Duke Power Co.*, 401 U.S. 424, 434–5, 91 S.Ct. 849, 854–5, 28 L.Ed.2d 158, 165 (1971).

Further support for this interpretation comes from the holdings in *Phillips, supra*, 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (refusal to hire women, but not men, with pre-school children violated § 703(a)) and *Sprogis, supra*, 444 F.2d 1194 (firing female stewardess, but not male stewards, who married violated § 703(a)). In both cases, hiring practices that discriminated not on the basis of gender alone, but because of sex

stereotypes involving proper domestic sex roles, absenteeism and customer preferences were found to be "sex" discrimination within the meaning of § 703(a).

Defendant urges this court to follow the Fifth, Ninth and District of Columbia Circuits which have all held, on the specific question of hair length regulations, that different requirements for male and female employees do not constitute sex discrimination within the meaning of § 703(a). *Willingham v. Macon Telegraph Publishing Co.*, 507 F. 2d 1084 (5th Cir. 1974); *Baker v. California Land Title Co.*, 507 F.2d 895 (9th Cir. 1975); *Dodge v. Giant Food, Inc.*, 160 U.S.App.D.C. 9, 488 F.2d 1333 (1973). All three courts decided that the discrimination was beyond the scope of Title VII because it involved a personal attribute which could be easily changed, not an immutable characteristic or fundamental right, and because requiring employees to conform to grooming codes was within the employer's management prerogatives. We decline to follow this reasoning.

We do not agree that hair length is an insignificant personal attribute. The Second Circuit has held on similar facts involving hair regulations for policemen that "the choice of personal appearance is an ingredient of an individual's personal liberty." *Dwen v. Barry*, 483 F.2d 1126, 1130 (2d Cir. 1973). It cannot have been the intent of Congress to allow this basic individual right to be subordinated to an employer's sex stereotypes. We, therefore, adopt the interpretation of sex discrimination expressed in the E.E.O.C. guidelines and administrative decisions as most reasonable and consistent with the policies of § 703(a).

In summary, plaintiff has alleged that defendant applies different hair length standards to its male and female employees, and that he was discharged for not conforming to the male standard. This standard is based on sex stereotypes concerning proper male and female hair lengths. We hold that this is sex-based discrimination within the meaning of § 703(a) of the Act, and that plaintiff has stated a claim under this statute. Defendant's motion to dismiss is denied.

So ordered.