**Jean Pierre FREY, Plaintiff–Appellant,**

v.

**BANK ONE, Defendant–Appellee.**

No. 95–3981.

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1996.

Decided July 31, 1996.

Rehearing Denied Aug. 28, 1996.

Michael C. McKinnon (argued), Reynolds, Beeby & Magnuson, Troy, MI, for Plaintiff-Appellant.

Brian K. Burke, Ellen E. Boshkoff (argued), Baker & Daniels, Indianapolis, IN, for Defendant-Appellee.

Before CUDAHY, KANNE, and DIANE P. WOOD, Circuit Judges.

KANNE, Circuit Judge.

Jean Pierre Frey jointly owned a bank account with Antonio Ferrari at Bank One in Indianapolis. That account was closed in February, 1990. Frey alleges that Ferrari reopened the Bank One account in June, 1990, fraudulently transferred $1,259,779.14 from Frey's account with Banca Nazionale del Lavoro (BNL) from June 28, 1990, until August 13, 1990, and then deposited the money into the Bank One account. Frey first brought an action against BNL and Ferrari; then, after learning about Bank One's involvement, brought this action against Bank One for negligently permitting the fraudulent transfer of funds. The district court granted judgment for Bank One on the pleadings pursuant to Fed.R.Civ.P. 12(c) finding the suit was time-barred by Indiana's two year statute of limitations. See Ind.Code § 34–1–2–2(1) (two year limitation on all tort claims for injury to personal property) (1992). On appeal, Frey disputes the timing of when the cause of action accrued. "We review a motion pursuant to Rule 12(c) under the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b). Accordingly, the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. In evaluating the motion, we will view the facts in the complaint in the light most favorable to the nonmoving party." *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995) (citations omitted).

Indiana law, which governs this case, employs the discovery rule in all tort cases to determine the accrual date of an action. An action accrues and the statute of limitations begins to run when "the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wehling v. Citizens National Bank*, 586 N.E.2d 840, 843 (Ind.1992); *see also City of Hobart Sewage Works v. McCullough*, 656 N.E.2d 1185, 1189 (Ind.Ct.App. 1995) (action accrued when plaintiffs discovered injury). This case centers on when Frey garnered sufficient information that he should have known that his injury was caused by another. On August 4, 1992, Frey requested that BNL deliver a statement of all of his accounts. From these statements, Frey learned that the money had been transferred to Bank One. The district court found that his action accrued then because the BNL statements showed that Bank One had accepted unauthorized wire transfers for more than one million dollars from his BNL account and that Bank One had deposited the transfers into the account he believed was closed.

Frey argues on appeal that his action did not accrue until September 20, 1993, when, pursuant to his action against BNL and Ferrari, he deposed officers from Bank One. The wire transfers from BNL to Bank One had transposed Frey's first and middle name ("Pierre Jean Frey" instead of "Jean Pierre Frey"). During the deposition, Frey learned that Bank One had internal procedures governing the acceptance of money transfers and that these procedures may have been violated. When the information on the wire transfers do not match the bank's central information file (for instance, the information lists the wrong name), then Bank One either returns the money or requests further instructions from the issuing bank. The money is not deposited into the account until the information is confirmed. However, when

wire transfers come in with transposed letters or names but with correct account numbers, Bank One relies on the discretion of the operator whether to deposit the money or return the funds to the issuing bank. Frey believes that Bank One violated its internal policy by depositing the money into Frey's account because the name on the wire transfer did not match his name in the central information file. Further, Frey admits that he knew of his injury in August but contends that until this September deposition, he did not know that Bank One had handled his account negligently.

■ This argument misstates the law of Indiana. Indiana does not require that a plaintiff uncover the legal theory for holding a defendant liable for the action to accrue. Rather, the plaintiff must only be aware that the defendant caused him injury. *See Madlem v. Arko*, 592 N.E.2d 686, 687 (Ind.1992) (action accrued when plaintiff learned that the signature on the mortgage was forged); *Habig v. Bruning*, 613 N.E.2d 61, 64 (Ind.Ct. App.1993) (warranty action accrued when plaintiffs discovered that defendant's construction had injured the structural integrity of their home); *Chaiken v. Eldon Emmor & Co.*, 597 N.E.2d 337, 343 (Ind.Ct.App.1992) (action accrued when plaintiffs discovered that defendant had converted stock).

This principle is exemplified in *Hatcher v. Haupert*, 655 N.E.2d 1229, 1230 (Ind.Ct.App. 1995). Hatcher was the trustee of a retirement plan that purchased a single premium annuity contract issued by Mutual Security Life Insurance Company. Haupert was the agent for the retirement plan when the contract was purchased. On October 5, 1990, the Commissioner of the Indiana Department of Insurance issued a filing that Mutual Life was in serious financial troubles and required financial rehabilitation proceedings. On August 7, 1992, Hatcher was notified that the fund was insured for only $100,000 because the retirement plan listed only a single annuitant. Hatcher filed his suit on March 15, 1994. Under Indiana's two year statute of limitations, his action was time-barred unless it accrued after March 15, 1992.

The court found that Hatcher's claim that Haupert had breached his duty by listing the fund under a single annuitant was not time-barred because, until the August 1992 notice, Hatcher could not have discovered that the fund was listed under a single annuitant. In other words, Hatcher had no inquiry notice of that injury until the August notification.

However, the court found time-barred Hatcher's claim that Haupert breached his fiduciary duty by failing to inform Hatcher that Mutual Life was in financial straits. The court reasoned that the October 1990 filing by the Commissioner gave Hatcher inquiry notice that Haupert had caused an injury. "With [knowledge of the October filing,] Hatcher could discover, through the exercise of ordinary diligence, that Haupert's alleged negligent act of failing to inform Hatcher of Mutual Life's financial troubles would result in damage to the Retirement Plan. Once Haupert's alleged negligence and resulting damage were susceptible of ascertainment by Hatcher, the limitation period began to run." *Id.* at 1230–31.

Here, the August statements informed Frey that Bank One had received the fraudulent money transfers. Had Frey exercised ordinary diligence, Bank One's alleged negligence and resulting damage were ascertainable. Therefore, the statutory period began to run.

■ In his appellate brief, Frey mis-cites several Indiana cases for the proposition that the statute of limitations begins to run "only when a plaintiff can connect the injury complained of to a wrongful act." Brief at 7. However, *Wehling* specifically states that the action accrues when "*ordinary diligence could have discovered* that an injury had been sustained as a result of the tortious conduct of another." *Wehling*, 586 N.E.2d at 843 (emphasis added). There is no requirement that the plaintiff link the injury to a wrongful act, only that ordinary diligence could have discovered such a link. For instance, in *Hatcher*, even though Hatcher had not yet gathered sufficient facts to realize that Haupert negligently had failed to inform him that Mutual Life was financially unstable, Hatcher had enough information to create inquiry notice that, with ordinary diligence, he would have discovered the needed

facts. Therefore, Hatcher's claim was time-barred.

Similarly, in August, 1992, Frey learned that Bank One was involved in Ferrari's scheme although Frey had not learned how Bank One was involved. That knowledge created the duty to further inquire into Bank One's role. Ordinary diligence would have unearthed Bank One's role and the alleged "wrongful act." Therefore, Frey's action is barred by the statute of limitations because his action accrued when he received the BNL statements in August, 1992.

AFFIRMED.