**Rui TAVORA, Plaintiff–Appellant,**

v.

**NEW YORK MERCANTILE EXCHANGE, Defendant–Appellee.**

**No. 620, Docket 96–7613.**

United States Court of Appeals, Second Circuit.

Argued Dec. 6, 1996.

Decided Dec. 12, 1996.

David M. Lira, Garden City, NY, for Plaintiff–Appellant.

Martin I. Kaminsky, Pollack & Kaminsky (Justin Y.K. Chu, of counsel), New York City, for Defendant–Appellee.

---

Before: WINTER and WALKER, Circuit Judges, and WEXLER, District Judge.*

PER CURIAM:

Rui Tavora appeals from Judge Sprizzo's order dismissing his complaint for failure to state a claim for relief. Tavora was terminated by the New York Mercantile Exchange from his position as reporter of trades when he failed to comply with its policy requiring male employees to have short hair. Tavora contends that this policy, limiting hair length for male employees but imposing no similar restriction on female employees, discriminates against male employees on the basis of gender in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* We disagree.

In *Longo v. Carlisle DeCoppet & Co.*, we held that "requiring short hair on men and not on women does not violate Title VII," 537 F.2d 685, 685 (2d Cir.1976); *see also Sietz v. O'Connor*, 1995 WL 745012, *2 (E.D.N.Y. Nov. 30, 1995). Every court of appeals that has considered this issue has agreed. *See Barker v. Taft Broadcasting Co.*, 549 F.2d 400, 401 (6th Cir.1977); *Earwood v. Continental Southeastern Lines, Inc.*, 539 F.2d 1349, 1351 (4th Cir.1976); *Knott v. Missouri Pacific Railway Co.*, 527 F.2d 1249, 1252 (8th Cir.1975); *Willingham v. Macon Telegraph Publ. Co.*, 507 F.2d 1084, 1092 (5th Cir.1975); *Baker v. California Land Title Co.*, 507 F.2d 895, 898 (9th Cir.1974), *cert. denied*, 422 U.S. 1046, 95 S.Ct. 2664, 45 L.Ed.2d 699 (1975); *Dodge v. Giant Food, Inc.*, 488 F.2d 1333, 1337 (D.C.Cir.1973).

The rationale of those decisions has generally been either that hair length policies are not within the statutory goal of equal employment, *see Willingham*, 507 F.2d at 1091 ("grooming codes or length of hair is related more closely to the employer's choice of how to run a business than to equality of employment opportunity"), or that such employment policies have only a *de minimis* effect, *see Dodge*, 488 F.2d at 1337 ("Title VII was never intended to encompass sexual classifications having only an insignificant effect on employment opportunities.").

Tavora argues that this precedent is no longer good law in light of more recent Supreme Court decisions, in particular *Newport News Shipbuilding and Dry Dock Co. v. EEOC*, 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983), and *City of Los Angeles, Department of Water and Power v. Manhart*, 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978). *Newport News* found discriminatory a health benefits policy that provided lesser benefits for pregnancy-related services to male employees than it provided to female employees. 462 U.S. at 676, 103 S.Ct. at 2627. The Court stated, "[s]uch a practice would not pass the simple test of Title VII discrimination that we enunciated in *Los Angeles Dept. of Water & Power v. Manhart*, for it would treat a male employee with dependents 'in a manner which but for that person's sex would be different.'" *Id.* at 682–83, 103 S.Ct. at 2630–31 (citing *Manhart*, 435 U.S. at 711, 98 S.Ct. at 1377). *Manhart* held discriminatory a pension policy requiring female employees to make larger contributions than males because women's longevity was statistically greater. The Court stated, "[i]t is now well recognized that employment decisions cannot be predicated on mere 'stereotyped' impressions about the characteristics of males or females." 435 U.S. at 707, 98 S.Ct. at 1375.

Tavora contends that the "but for" test enunciated in *Manhart* and *Newport News*, combined with the Supreme Court's broad language aimed at eradicating gender-based discrimination, overrules the courts of appeals cases cited above. He argues that Title VII applies to *any* employment policy with *any* difference between men and women, no matter how trivial. We disagree with Tavora's reading of *Manhart* and *Newport News*. We believe that Tavora's argument fails to consider the factual context of those decisions, namely employment policies resulting in significantly different levels of pension and health benefits for males and females. Those decisions do not, therefore, undercut the rationales of the hair-cutting cases cited above, *see Devine v. Lonschein*, 621 F.Supp.

* The Honorable Leonard D. Wexler of the United States District Court for the Eastern District of New York, sitting by designation.

894, 896–97 (S.D.N.Y.1985) (citing *Longo,* 537 F.2d 685), *aff'd,* 800 F.2d 1127 (2d Cir.1986); *Sietz,* 1995 WL 745012; *Rogers v. American Airlines,* 527 F.Supp. 229, 231 (S.D.N.Y. 1981); *see contra Rourke v. New York State Correctional Serv.,* 915 F.Supp. 525 (N.D.N.Y.1995) (overruling hair-length regulation on religious grounds), and we must continue to follow them.

We therefore affirm.