James AUSTIN, Plaintiff,

v.

**WAL–MART STORES, INC., Defendant.**

No. 3:98CV0276 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

July 22, 1998.

Terry R. Boesch, Amy N. Kendt, Valparaiso, IN, for Plaintiff.

Brian L. McDermott, Todd J. Kaiser, Locke Reynolds Boyd and Weisell, Indianapolis, IN, for Defendant.

## *MEMORANDUM AND ORDER*

ALLEN SHARP, District Judge.

This cause is before the Court on Defendant, Wal–Mart Stores, Inc. (Wal–Mart), Motion for Judgment on the Pleadings. The Court heard argument on July 17, 1998. Having considered the pleadings, arguments and the parties' briefs this Court GRANTS defendant's motion for the foregoing reasons.

## *BACKGROUND*

Plaintiff, James Austin (Austin), filed a one count Complaint against Wal–Mart on May 6, 1998 alleging a violation of Title VII of the Civil Rights act of 1964. 42 U.S.C. § 2000e–5, as amended by 42 U.S.C. § 1981. Austin was employed by Wal–Mart from May, 1996 until February 1997, when he was terminated for failing to comply with the company grooming policy. Austin claims the Wal–Mart grooming policy requiring men to maintain hair length "above the collar" is discriminatory. Wal–Mart timely filed this Motion for Judgment on the Pleadings asserting that Austin's claim does not state a cause of action under Title VII.

## *STANDARD OF REVIEW*

A motion for judgment on the pleadings under Federal Rules of Civil Procedure Rule 12(c) "is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings." Charles A. Wright & Arthur R. Miller, 5A Federal Practice and Procedure, § 1367 at 509–10 (2d ed.1990); *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir.1993); *Zucker v. American Greetings Corp.*, No. 94 C 1844, 1995 WL 398933, at *1 (N.D.Ill. June 30, 1995). Such a motion may be made at any time after the pleadings are closed.[1] The court will consider a Rule 12(c) motion under the same standard as a motion to dismiss pursuant to Rule 12(b). *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir.1997); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 954, 136 L.Ed.2d 841 (1997); *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995). As a result, "the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove

---

1. Rule 12(c) provides:
    Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any part may move for judgment on the pleadings. If on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ·and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
    Fed.R.Civ.P. 12(c).

any facts that would support his claim for relief." *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In evaluating the motion, the court will view the facts in the complaint in the light most favorable to the nonmoving party. *Flenner,* 107 F.3d at 461. However, the court is neither bound by the plaintiffs' legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiffs' claims. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir.1992), *cert. denied,* 508 U.S. 942, 113 S.Ct. 2421, 124 L.Ed.2d 643 (1993). Additionally, the court "may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true." *Alexander,* 994 F.2d 333, 335.

### DISCUSSION

Austin advances only one argument, that because the Seventh Circuit has not expressly ruled on such an issue, the issues of fact regarding whether this policy is a bona fide occupational qualification (BFOQ) should be considered. Austin's claim fails, as a matter of law, before it even gets to this step. This Court need not address the BFOQ issues

2. Section 2000e—2 provides that:

(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

(e) Notwithstanding any other provision of this subchapter, (1) it shall not be unlawful employment practice for an employer to hire and employ employees, \*\*\* on the basis of his religion, sex, or national origin in those certain instances where religion, sex, or national origin in a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise, \*\*\*

because the policy is not discriminatory, as a matter of law, under Title VII.

### TITLE VII

■ To establish a claim of sex discrimination under 42 U.S.C. § 2000e a two step analysis is undertaken. The first question is whether sex discrimination within the meaning of the statute has occurred. If so, the employer must then demonstrate a "bona fide occupational qualification" justifying the practice.[2] The objective of Title VII is to equalize employment opportunities. *Griggs v. Duke Power Co.,* 401 U.S. 424, 429–30, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). Consequently, discrimination based on either immutable sex characteristics or constitutionally protected activities such as marriage or child rearing violate Title VII because they present obstacles to the employment of one sex that cannot be overcome; but discrimination based on factors of personal preference do not necessarily restrict employment opportunities and thus are not forbidden. Civil Rights Act of 1964, § 701 *et seq.,* 42 U.S.C.A. § 2000e *et seq.*

The legislative history accompanying the passage of the 1972 amendments makes clear that the primary thrust of Title VII was to discard outmoded sex stereotypes posing distinct employment disadvantages for one sex.[3]

3. While the legislative history of the 1964 Act, Public Law 88–352, is not substantial, that of the Equal Employment Act of 1972, Public Law 92–261, is more helpful. A statement of the need which prompted the bill, set out in House Report No. 92–238, recites that:

'Women are subject to economic deprivation as a class. Their self-fulfillment and development is frustrated because of their sex. Numerous studies have shown that women are placed in the less challenging, the less responsible and the less remunerative positions on the basis of their sex alone.....' This Committee believes that women's rights are not judicial divertissements. Discrimination against women is no less serious than other forms of prohibited employment practices and is to be accorded the same degree of social concern given to any type of unlawful discrimination.... 'The time has come to bring an end to job discrimination once and for all, and to insure every citizen the opportunity for the decent self-respect that accompanies a job commensurate with one's abilities....' U.S.Code Cong. & Admin. News, pp. 2140–2141 (1972).

Additionally, the legislative history of the 1991 amendments notes that "We should not ignore

"When Congress makes it unlawful for an employer to 'discriminate . . . on the basis of . . . sex . . .', without further explanation of its meaning, we should not readily infer that it meant something different than what the concept of discrimination has traditionally meant." *General Electric v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). This Court must accept the statue as written.

Two recent cases, *Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385 (11th Cir.1998) and *Tavora v. New York Mercantile Exchange,* 101 F.3d 907 (2d Cir.1996), *cert. denied* —— U.S. ——, 117 S.Ct. 1821, 137 L.Ed.2d 1029 (1997), have dealt with similar complaints. Both cases were dismissed for failure to state a claim for relief. In both cases the courts found that an employer's policy which required male employees to have short hair, but which did not impose similar restrictions on female employees, did not violate the sex discrimination provision of Title VII. *Harper,* 139 F.3d at 1387; *Tavora,* 101 F.3d at 908. These two decisions were based upon the decisions of the other circuits who have addressed similar issues. *See Willingham v. Macon Telegraph Publ'g Co.,* 507 F.2d 1084 (5th Cir.1975) (grooming codes or length of hair is related more closely to the employer's choice of how to run a business than to equality of employment opportunity); *Dodge v. Giant Food, Inc.,* 488 F.2d 1333 (D.C.Cir.1973) (Title VII was never intended to encompass sexual classification having only an insignificant effect on employment opportunities); *Baker v. California Land Title Co.,* 507 F.2d 895 (9th Cir.1974) (clear from reading of Act that Congress was not prompted to add 'sex' to Title VII on account of regulations by employers of dress or cosmetic or grooming practices which employer might think his particular business required. The need which prompted this legislation was one to

permit each individual to become employed and to continue in employment according to his or her job capabilities.), *cert. denied,* 422 U.S. 1046, 95 S.Ct. 2664, 45 L.Ed.2d 699 (1975); *Knott v. Missouri Pacific Ry. Co.,* 527 F.2d 1249 (8th Cir.1975) (minor differences in personal appearance regulation that reflect customary modes of grooming do not constitute sex discrimination); *Longo v. Carlisle DeCoppet & Co.,* 537 F.2d 685 (2d Cir. 1976) (requiring short hair on men and not women does not violate Title VII); *Barker v. Taft Broad. Co.,* 549 F.2d 400 (6th Cir.1977) (we cannot conclude employer grooming codes were a target of the Act); *Earwood v. Continental Southeastern Lines, Inc.,* 539 F.2d 1349 (4th Cir.1976) (hair regulation that is not utilized as pretext to exclude either sex from employment does not constitute unlawful employment practice). Numerous district courts have held similarly.[4]

■ Eight Courts of Appeals have concluded that male hair length regulations alone do not violate Title VII.[5] It is this Court's opinion that hair length is not an immutable characteristic, for it may be changed at will. This regulation does not affect a fundamental right of Austin's.

### CONCLUSION

This Court has carefully examined the series of decisions from the eight different federal appellate courts and is impressed that a substantial list of judicial luminaries have laid their hands on this issue, albeit principally in the 1970's, but more recently in the Eleventh and Second circuits. Judicial name dropping is always tempting. Such names as Friendly, Feinberg, Tamm and Butzner, and Trask are indeed impressive, at least to this Court. Defendant's Motion for Judgment on the Pleadings is hereby **GRANTED** and this

the fact, however, that the Civil Rights Act of 1964 has worked well over the past 26 years to provide equal opportunities for all Americans." H.R.Rep. No. 40(II), 102ND Cong., 1ST Sess. 1991, 1991 WL 87020 (Leg.Hist.).

**4.** *See e.g., Hollins v. Atlantic Co., Inc.,* 993 F.Supp. 1097 (N.D.Ohio 1997); *Kotlowski v. Eastman Kodak Co.,* 922 F.Supp. 790 (W.D.N.Y. 1996); *Craft v. Metromedia, Inc.,* 572 F.Supp.

868 (D.C.Mo.1983); *Rogers v. American Airlines, Inc.,* 527 F.Supp. 229 (D.C.N.Y.1981); *Wofford v. Safeway Stores, Inc.,* 78 F.R.D. 460 (D.C.Cal. 1978); *Hearth v. Metropolitan Transit Comm'n,* 436 F.Supp. 685 (D.Minn.1977).

**5.** While the Seventh Circuit has not expressly dealt with this issue, every indication is that it would follow the rationale of those circuits.

case is now **DISMISSED** pursuant to Rule 12(c).  **IT IS SO ORDERED.**