**In re BRIDGESTONE/FIRESTONE, INC., Tires Products Liability Litigation.**

**This Document Relates to Gloria A. Sánchez Yund and Cherise C. Yund, Plaintiffs,**

v.

**Bridgestone/Firestone, Inc., and Ford Motor Company, Defendants.**

**Nos. IP 00–9373–C–B/S, IP 01–5459–C–B/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

April 29, 2002.

Don Barrett, Barrett Law Office PA, Lexington, MS, Victor Manuel Diaz Jr., Podhurst Orseck Josefsberg & Eaton, Miami, FL, Mike Eidson, Colson Hicks Eidson, Coral Gables, FL, Irwin B. Levin, Cohen & Malad, William E. Winingham, Wilson Kehoe & Winingham, Indianapolis, IN, for Plaintiffs.

John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Daniel P. Byron, Bingham McHale, LLP, Indianapolis, IN, Mark Herrmann, Jones Day Reavis & Pogue, Thomas S Kilbane, Squire Sanders & Dempsey LLP, Cleveland, OH, Mark Merkle, Krieg DeVault LLP, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Colin P. Smith, Holland & Knight LLP, Chicago, IL, Thomas G. Stayton, Baker & Daniels, Indianapolis, IN, for Defendants.

## ENTRY ON FIRESTONE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND FORD'S MOTION TO DISMISS

BARKER, District Judge.

This cause is before the Court on the Motion for Judgment on the Pleadings filed by Defendant Bridgestone/Firestone, North American Tire, LLC ("Firestone") and the Motion to Dismiss filed by Defendant Ford Motor Company ("Ford"). Both motions are fully briefed, and the Court, being duly advised, **DENIES** both motions for the reasons set forth below.

This action originally was filed by Plaintiffs Gloria A. Sánchez Yund and Cherise C. Yund ("the Yunds") in the United States District Court for the District of Colorado on August 10, 2001, and subsequently transferred to this MDL. The Yunds allege in their complaint that they were injured on October 14, 1998, in an accident in Colorado involving a 1991 Ford Explorer and Firestone tires. The Yunds further allege that the accident and their injuries were the result of defects in the Explorer and the tires on the Explorer. The Defendants seek dismissal of the Yunds' complaint because it was filed more than two years after the accident, in violation of the applicable statute of limitations. *See* C.R.S. § 13–80–106 (Colorado's two-year statute of limitations for personal injury actions against the manufacturer or seller of a product).

Firestone has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c); Ford has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The application of Rule 12(b) and 12(c) obviously are matters of federal procedural law; therefore federal law, and specifically the Seventh Circuit's interpretation thereof, to the extent federal circuits differ, provides the appropriate standard for resolving the instant motions. *See In re Korean Air Lines Disaster of Sept. 1, 1983,* 829 F.2d 1171, 1176 (D.C.Cir.1987) (law of circuit in which transferee court is situated applies to federal issues), *judgment aff'd. by Chan v. Korean Air Lines, Ltd.,* 490 U.S. 122, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989). Thus, "[w]e review a motion pursuant to Rule 12(c) under the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b)," and neither Ford's nor Firestone's motion may be granted "unless it appears beyond doubt that the plaintiff[s] cannot prove any facts that would support [their] claim for relief." *Frey v. Bank One,* 91 F.3d 45, 46 (7th Cir.1996). In addition, "[t]he statute of limitations is an affirmative defense [and c]omplaints need not anticipate or plead around affirmative de-

fenses." *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir.1999).[1]

The Yunds argue that the fact that their complaint was filed outside of the two-year statute of limitations does not automatically doom their claims because, under Colorado law, their claims did not accrue until such time as they knew or should have known that their injuries were caused by defects in the Defendants' products. They are correct.

> In Colorado, the general discovery rule provides that a cause of action for injury to a person shall accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence. Section 13–80–108(1), C.R.S.1999. A claim for relief does not accrue until the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action.

*Salazar v. American Sterilizer Co.*, 5 P.3d 357, 363 (Colo.Ct.App.2000). The requisite knowledge includes "knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another." *Id.* Thus, the fact that the Yunds knew at the time of the accident that their Firestone tire disintegrated and their Ford Explorer rolled over, causing their injuries, was not necessarily enough to trigger the statute of limitations. Rather, what is important is whether the facts that the Yunds knew were such that they also knew or should

have known that their accident was caused by defects in the tire and/or the Explorer.

Under the applicable standards, the Yunds' claims are not subject to dismissal simply because their complaint does not specifically allege that they neither knew nor should have known of the defects in the Defendants' products more than two years prior to the date their complaint was filed. Instead, the question is whether there is any set of provable facts under which the Yunds' claim would be timely under Colorado law. The answer is clearly yes. The Yunds allege that "absent specialized knowledge that was not available to them," they did not and could not have had knowledge that their injuries were caused by defects in the Explorer and its tires at the time of the accident. The Yunds also argue that they were hindered from discovering the defects in the tires and the Explorer because the Defendants fraudulently concealed information regarding the defects in their products. While these allegations certainly are lacking in specificity, in light of the "broad standard for surviving a Rule 12(b)(6) motion," *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 440 (7th Cir.1994), they suffice to get the Yunds past the motion to dismiss stage. The time for requiring the specific factual assertions the Defendants (correctly) argue are thus far absent in this case, along with evidence to support them, is at the summary judgment stage.

Because at this stage we cannot say as a matter of law that there is no set of facts under which the Yunds' complaint was

---

**1.** Firestone cites *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir.1997), for the proposition that a plaintiff " 'may not overcome pleading deficiencies with arguments that extend beyond the allegations contained in the complaint. The complaint itself must show that the [plaintiff] is "entitled to relief" under each claim raised.' " Firestone's Brief at 3. This does not mean, however, as both Defendants suggest, that the complaint

must contain all of the factual allegations necessary to support the Plaintiffs' claims. Rather, the Seventh Circuit has specifically held that "when reviewing Rule 12(b)(6) motions, we will consider new factual allegations raised for the first time [even] on appeal provided they are consistent with the complaint." *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439 (7th Cir.1994) (citations omitted).

timely filed under Colorado law, dismissal of the Yunds' complaint is not appropriate. Accordingly, both Firestone's motion for judgment on the pleadings and Ford's motion to dismiss are **DENIED**.