**In re BRIDGESTONE/FIRESTONE, INC., Tires Products Liability Litigation.**

This Document Relates to Patricia Oines, Individually and as the Administratrix of the Estate of Jennifer Oines, Plaintiff,

v.

**Island Ford, Inc., et al., Defendants.**

Nos. IP 00–9373–C–B/S,
IP 01–5391–C–B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 29, 2002.

Don Barrett, Barrett Law Office PA, Lexington, MS, Victor Manuel Diaz Jr., Podhurst, Orseck, Josefsberg & Eaton, Miami, FL, Mike Eidson, Colson Hicks Eidson, Coral Gables, FL, Irwin B. Levin, Cohen & Malad, William E. Winingham, Wilson Kehoe & Winingham, Indianapolis, IN, for Plaintiff.

John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Daniel P. Byron, Bingham McHale, LLP, Indianapolis, IN, Mark Herrmann, Jones Day Reavis & Pogue, Thomas S. Kilbane, Squire Sanders & Dempsey LLP, Cleveland, OH, Mark Merkle, Krieg Devault LLP, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Colin P. Smith, Holland & Knight LLP, Chicago, IL, for Defendants. Thomas G. Stayton, Baker & Daniels, Indianapolis, IN, for Defendants.

### *ENTRY ON MOTION TO DISMISS*

BARKER, District Judge.

This cause is before the Court on the motion of defendant Bridgestone/Firestone, Inc. ("Firestone") entitled Motion to Dismiss Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion to dismiss for the reasons set forth below.

This action originally was filed by plaintiff Patricia Oines, Individually and as Administratrix of the Estate of Jennifer Oines ("Oines"), in New York state court on January 11, 2001, and was subsequently removed to the United States District Court for the Eastern District of New York, from which it was transferred to this MDL. Oines alleges in her complaint that her daughter, Jennifer Oines, was fatally injured in a single vehicle accident that occurred in New York on December 16, 1997. The vehicle involved in the accident was a Ford Explorer, and Oines alleges that the accident was caused when a defective Firestone tire on the Explorer suffered a tread separation, which in turn caused the Explorer to roll over.

Firestone seeks dismissal of Oines's claims against it on the grounds that her complaint was filed after the applicable statutes of limitations[1] had expired. Oines concedes that the applicable limitations periods had expired when she filed her action, but argues that her claims are saved from dismissal by the doctrine of equitable estoppel. Specifically, Oines argues that under New York law, the doctrine of equitable estoppel prohibits Firestone from relying on the statutes of limitations because it actively concealed information regarding defects in its tires, including the tire involved in this case, thus prohibiting Oines from filing a timely claim.

Firestone has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Such a motion "should not be granted unless it appears beyond a doubt that the plaintiff cannot prove any facts that would support [her] claim for relief." *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir.1996); *see also Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2nd Cir.2001). In addition, "[t]he statute of limitations is an affirmative defense [and c]omplaints need not anticipate or plead around affirmative defenses." *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir.1999). Accordingly, Oines's complaint is not subject to dismissal because it does not contain factual allegations sufficient to support her equitable estoppel claim; rather, the issue is whether there exists a set of facts which, if ultimately proven, would save Oines's claims from dismissal on statute of limitations grounds.[2]

---

1. Firestone asserts that the following statutes of limitations are applicable: New York C.P.L.R. § 214(5) (three-year statute of limitations for personal injury claims); New York E.P.T.L. 5–4.1 (two-year statute of limitations for wrongful death actions); New York U.C.C. § 2–725 (four-year statute of limitations for breach of warranty actions, accruing at time of delivery of the product).

2. Firestone asserts that "New York courts have routinely dismissed claims as untimely in the context of a motion to dismiss." Firestone's Reply at 2 (citing three New York cases). However, the application of Federal Rule of Civil Procedure 12(c) is, obviously, a matter of federal procedural law, and therefore it is federal law, and specifically the Seventh Circuit's interpretation thereof, to the extent federal circuits differ, not New York law, that provides the appropriate standard for dismissal. *See In re Korean Air Lines Disaster of September 1, 1983*, 829 F.2d 1171, 1176 (D.C.Cir.1987) (law of circuit in which transferee court is situated applies to federal issues), *judgment aff'd. by Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989).

Applying this standard, it is clear that dismissal is not appropriate. Under New York law, there clearly are some circumstances under which the doctrine of equitable estoppel operates to bar the application of the affirmative defense of statute of limitations. *See, e.g., Knaysi v. A.H. Robins Co.,* 679 F.2d 1366 (11th Cir.1982) (applying New York law of equitable estoppel to statute of limitations defense in product liability action); *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.,* 100 F.Supp.2d 178 (S.D.N.Y. 2000) (denying summary judgment on issue of equitable tolling of statute of limitations based on fraudulent concealment by defendant). To rely on the doctrine of fraudulent concealment, a plaintiff must demonstrate: "(1) wrongful concealment by the defendant, (2) which prevented the plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing discovery of the claim." *Antonios A. Alevizopoulos Assocs.,* 100 F.Supp.2d at 183. Oines alleges in response to the instant motion to dismiss that Firestone actively concealed information about defects in its tires. Whether Firestone did so, whether Oines was thus prevented from discovering her claims against Firestone within the limitations period, and whether Oines acted diligently in discovering her claims are all factual issues which Oines was not required to plead. *See id.* at 184 (finding that the plaintiff is not required specifically to plead facts supporting theory of fraudulent concealment "where the alleged fraud is the omission of certain acts rather than affirmative misrepresentations"). Oines also was not required to present evidence regarding these issues to survive a Rule 12(c) motion to dismiss.

If Firestone believes that Oines has no evidence to support her claim of fraudulent concealment, it may so argue in a motion for summary judgment. However, at this stage we cannot say as a matter of law that there is no set of facts which would support Oines's fraudulent concealment claim under New York law. Accordingly, Firestone's motion to dismiss is **DENIED.**